# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  WANDA REDUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.    ) | No. CIV-CIV-17-724-W |
| ) | |
| 1.  STATE FARM MUTUAL ) | *Honorable* _____ |
| AUTOMOBILE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Rule 38(b) of the Federal Rules of Civil Procedure and Local Civil Court Rule 81.1 of the United States District Court for the Western District of Oklahoma, hereby files this Notice of Removal of this case from the District Court of Canadian County, Oklahoma, in which court this case is pending, to the United States District Court for the Western District of Oklahoma, being the district embracing the place where the case is pending.  In support of this Notice of Removal, Defendant states the following:

### Timeliness of Removal

1. Plaintiff commenced this action by filing the Petition in the District Court of Canadian County, on July 15, 2016.  Plaintiff filed her First Amended Petition on July 25, 2016.

2. State Farm was served via the Oklahoma Insurance Commissioner on July 21, 2016.

3. In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, a copy of the Docket Sheet and a clearly legible copy of all documents filed or served in the Canadian County case are attached to this Notice of Removal as **Exhibit Nos. "1" through "15".**

4. On June 26, 2017, Plaintiff filed a Dismissal with Prejudice as to Defendant Daniel Britt, leaving Plaintiff Wanda Redus and Defendant State Farm Mutual Automobile Insurance Company as the only parties to this action.

5. This removal was effected within 30 days of receipt by State Farm of a copy of the Dismissal with Prejudice of Defendant Britt, from which it was first ascertained that the case had become removable, and therefore is timely. 28 U.S.C. § 1446(b)(3); *Caterpillar Inc. v. Lewis,* 117 S.Ct. 467, 473 (1996) ("In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements—for example, by reason of the dismissal of a nondiverse party—may remove the case to federal court within 30 days of receiving such information.").

## Diversity Jurisdiction

6. At the time the Petition and First Amended Petition were filed, this case was not removable as diversity of citizenship did not exist.

7. On June 26, 2017, Plaintiff dismissed Defendant Britt from the action, creating diversity of citizenship.

8. At the time of removal and all intervening times, the Plaintiff was (and is) a resident and citizen of the State of Oklahoma.

9. Defendant State Farm is a foreign insurance company incorporated in the State of Illinois and its principal place of business is in the State of Illinois. State Farm is licensed to do business in the State of Oklahoma. Therefore, it is deemed to be an Illinois citizen for the purpose of diversity.

10. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity between Plaintiff and State Farm. Removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### Allegations and Claims in the Petition

11. According to Plaintiff's First Amended Petition, the underlying lawsuit arises out of an automobile accident involving Plaintiff and Daniel Britt, which occurred on or about February 2, 2015. Plaintiff had a policy of automobile insurance, policy 0258-251-36C, issued by State Farm, which included provisions for uninsured/underinsured motorist coverage and medical payments coverage. Plaintiff's First Amended Petition contends the policy was in force at the time of the accident and further contends State Farm has breached the insurance contract and caused Plaintiff damages by the refusal to pay Plaintiff's demands for underinsured motorist benefits. Plaintiff also contends State Farm's actions in handling Plaintiff's claim were in bad faith. Plaintiff also seeks punitive damages to punish State Farm for its alleged bad faith conduct. Plaintiff's insurance policy with State Farm has

uninsured/underinsured motorist coverage of $25,000.00/$50,000.00 and medical payments coverage of $1,000.00.

12. On June 16, 2017, State Farm paid Plaintiff the $25,000.00 limits of her uninsured/underinsured motorist coverage. The damages for which State Farm may be liable under a "breach of contract" cause of action are "limited to the amount[s] of the UM policy coverage[,]" *Watson v. Farmers Insurance Co.*, 23 F. Supp.3d 1342, 1350 (N.D. Okla. 2014). Payment of those amounts "renders [a] plaintiff's breach of contract claim moot, because [the] plaintiff cannot show that he has contract damages." *Id*. at 1351. Thus, Plaintiff's breach of contract claim is moot.

13. Plaintiff's remaining allegation against State Farm is that State Farm breached its duty of good faith and fair dealing. This is denied by State Farm.

## Amount in Controversy

14. State Farm and its counsel represent to this Court their good faith belief that the amount in controversy is met for the following reasons:

    a. Plaintiff remaining allegation is that State Farm acted in bad faith.

    b. Plaintiff specifically states in her First Amended Petition that she is seeking judgment against State Farm for "any and all other costs or further relief to which this Court deems Plaintiff is entitled, included attorney fees, costs and expenses, together in an amount in excess of $75,000.00," which is an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

    c.    Plaintiff's First Amended Petition asserts that State Farm's conduct was such that it is claimed to be liable for damages which include exemplary and punitive damages.

    d.    Although it appears clear that the requisite amount in controversy exists, even though the only remaining claim is Plaintiff's claim for bad faith against State Farm, on June 26, 2017, undersigned counsel wrote to Plaintiff's counsel asking Plaintiff's counsel to provide Plaintiff's counsel with the opportunity to affirmatively state Plaintiff's position with regard to the amount in controversy. Undersigned counsel advised that Plaintiff had not offered any testimony or responded to discovery in any manner which impacted the amount in controversy and asked Plaintiff's counsel to advise in writing whether it is Plaintiff's intention to continue to seek in excess of $75,000.00, so as to satisfy the amount in controversy requirement for removal under the Federal Rules of Civil Procedure by 5:00 p.m. on July 6, 2017. Undersigned counsel has received no response from Plaintiff's counsel. **Ex. No. "16".**

    e.    Based on Plaintiff's allegations, prayer for recovery of actual and punitive damages, and discovery to date, Plaintiff is seeking judgment against State Farm in an amount exceeding the sum of $75,000.00, together with attorney fees, costs and expenses, which is in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

15. While State Farm disputes Plaintiff's allegations, State Farm and its counsel have attempted in good faith to set forth the factual basis for establishing the amount in

controversy in excess of $75,000.00 has been met in accordance with *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995). *See also Schrader v. Farmers Insurance Company*, 2008 WL 2782710 (W.D. Okla.) (citing to *McPhail v. Deere & Co.* 529 F.3d 947 (10th Cir. 2008).

16. Pursuant to 28 U.S.C. § 1446(a), State Farm acknowledges that this Notice of Removal is signed and filed herein pursuant to Rule 11 of the Federal Rules of Civil Procedure.

17. State Farm and its counsel acknowledge that the timing of this removal is governed by 28 U.S.C. § 1446(b) which provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable . . . .

State Farm contends that removal is proper based upon the face of the First Amended Petition and that said removal has been done so timely. *See Martin v. Franklin Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (holding that a Section 1332(a) removal is appropriate only if the amount-in-controversy requirement is "affirmatively established" on the face of either

the state court petition or the notice of removal); *see also* 23 O.S. § 9.1(C)(2)(b); *Meira v. Dairyland Ins. Co.*, 143 F.3d 1337 (10th Cir. 1998); *Salaar v. Geico Ins. Co.*, 2010 WL 2292930 (D.N.M. 2010).

18. The Tenth Circuit has construed the language of 28 U.S.C. § 1446(b) to mean that "the removal period does not begin until the defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979). The notice of removability must be "unequivocal," and "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the Plaintiff." *Id.* (citing *DeBry*, 601 F.2d at 486-88).

19. Upon the face of Plaintiff's First Amended Petition, it clearly states that Plaintiff seeks money damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

20. Pursuant to the teachings of *Laughlin, supra*, the removing defendant bears the burden of establishing federal court jurisdiction at the time of removal. *Laughlin*, 50 F.3d at 873. State Farm and its counsel contend that the facts and reasons set forth above support removal.

21. Pursuant to LCvR 81.1, State Farm demands a jury trial and affirmatively states Plaintiff is put on notice of said demand.

22.     Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiff through her counsel of record and a copy of this Notice of Removal has been filed with the District Court of Canadian County, Oklahoma.

                                  Respectfully submitted,

**WILSON, CAIN & ACQUAVIVA**
300 Northwest 13th Street, Suite 100
Oklahoma City, Oklahoma  73103
Telephone:  (405) 236-2600
Date:  July 7, 2017                 Facsimile:    (405) 231-0062


 s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr., OBA #11743
JTAcqua@aol.com
Elizabeth A. Snowden, OBA #22721
beths@wcalaw.com
**ATTORNEYS FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

__ X __    I hereby certify that on the 7th day of July, 2017, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Mr. Kenyatta R. Bethea
**HOLLOWAY, BETHEA & OSENBAUGH**
3035 N.W. 63rd, Suite 102N
Oklahoma City, OK 73116
kbethea@hbolaw.com
**ATTORNEY FOR PLAINTIFF**

_____    I hereby certify that on the _____ day of _____, 2017, I served the attached document by certified mail, return receipt requested, with proper postage prepaid thereon to the following:


                                             s/Joseph T. Acquaviva, Jr.
                                             Joseph T. Acquaviva, Jr.